UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JOHN DONALD KELSO,                          )
                                            )
                  Petitioner,               )
                                            )
v.                                          )          Case No. 20-CV-0041-CVE-FHM
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
                  Respondent.               )

<u>OPINION AND ORDER</u>

This matter comes before the Court on petitioner's motion to proceed on appeal <u>in forma pauperis</u> (Dkt. # 8), and petitioner's "motion for order vacating judgment order or sentence under the common law writ of audita querela/coram nobis/coram vobis or alternative writs under the All Writs Act 28 U.S.C. 1651" (Dkt. # 9) (hereafter, "motion for order vacating judgment"), both of which were docketed in this court on April 21, 2020.  For the reasons that follow, the Court finds that petitioner's motion for order vacating judgment shall be dismissed without prejudice for lack of jurisdiction and that his motion to proceed on appeal <u>in forma pauperis</u> shall be denied.

I.        **Background**

Petitioner is currently confined at the Federal Medical Center (FMC) in Springfield, Missouri, under an order of civil commitment. Dkt. # 5, at 1; Dkt. # 7, at 4.  By order (Dkt. # 5) filed March 6, 2020, the Court declared moot petitioner's "motion for order vacating judgment order or sentence under the common law writ of audita querela/coram nobis/coram vobis or alternative writs under the All Writs Act 28 U.S.C. 1651" (Dkt. # 1), dismissed without prejudice petitioner's amended "motion for order vacating judgment order or sentence under the common law writ of audita querela/coram nobis/coram vobis or alternative writs under the All Writs Act 28 U.S.C. 1651"

(Dkt. # 2), dismissed as moot petitioner's motion to proceed in forma pauperis (Dkt. # 3), dismissed as moot petitioner's motion requesting permission to appear pro se (Dkt. # 4), and declined to issue a certificate of appealability.  The Court entered a separate judgment (Dkt. # 6) the same day.

Petitioner filed a timely notice of appeal (Dkt. # 7) on April 6, 2020, indicating his intent to appeal from the March 6, 2020 judgment.[1]  The United States Court of Appeals for the Tenth Circuit docketed the appeal as Case No. 20-5041.  Dkt. # 11.  With his notice of appeal, petitioner also filed a motion for order vacating judgment (Dkt. # 9) and a motion to proceed on appeal in forma pauperis (Dkt. # 8), both of which were executed on April 1, 2020.

## II.    "Motion for order vacating judgment" (Dkt. # 9)

Petitioner's motion for order vacating judgment was filed simultaneously with his notice of appeal and was docketed as a motion to vacate the order and judgment entered in this case on March 6, 2020.  Ordinarily, the filing of "[a] notice of appeal divests the district court of jurisdiction over matters involved in the appeal."  Hutchinson v. Beckworth, 474 F. App'x 736, 739 (10th Cir. 2012) (unpublished).[2]  A district court nevertheless retains jurisdiction to rule on certain post-judgment motions.  See, e.g., Lancaster v. Indep. Sch. Dist. No. 5, 149 F.3d 1228, 1237 (10th Cir. 1998)

---

[1]     Petitioner initially mailed the notice of appeal and the motions currently before this Court to the United States Court of Appeals for the Tenth Circuit, and that court received them on April 21, 2020.  See Dkt. # 7, at 2 (letter from Tenth Circuit noting date notice of appeal was received and directing notice to be filed in district court as of that date pursuant to FED. R. APP. P. 4(d)).  But petitioner executed the notice of appeal and the motions on April 1, 2020, Dkt. # 7, at 1; Dkt. # 8, at 2; Dkt. # 9, at 10, and the corresponding envelope was stamped as received by prison officials on April 6, 2020, Dkt. # 7, at 5.  The Court therefore deems the notice of appeal timely filed on April 6, 2020, and deems petitioner's motions filed as of that same date.  See FED. R. APP. P. 4(c)(1)(A)(ii); *Price v. Philpot*, 420 F.3d 1158, 1165-67 (10th Cir. 2005) (discussing prison mailbox rule).

[2]     This unpublished decision is cited for its persuasive value.  See FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

2

(noting that notice of appeal does not deprive district court of jurisdiction over "collateral matters not involved in the appeal" (quoting <u>Garcia v. Burlington N. R.R.. Co.</u>, 818 F.2d 713, 721 (10th Cir. 1987))); <u>United States v. Jackson</u>, 950 F.2d 633, 635 (10th Cir. 1991) (concluding that "when a defendant files a motion that tolls the time for appeal, the motion holds the notice of appeal in abeyance and the notice becomes effective upon the disposition of the motion"); <u>Aune v. Reynders</u>, 344 F.2d 835, 841 (10th Cir. 1965) ("In ordinary civil cases the rule is that after an appeal has been taken the district court retains jurisdiction to consider and deny a [FED. R. CIV. P.] 60(b) motion and, if it indicates that it will grant the motion, the movant may then ask the Court of Appeals to remand the case so that the district court may act.").

For three reasons, the Court finds that petitioner's motion for order vacating judgment must be dismissed for lack of jurisdiction. First, on its face, the motion requests relief from the judgment and sentence entered against him on October 29, 2015, not from the order and judgment entered against him on March 6, 2020. Dkt. # 9, at 1. Thus, the Court declines to construe the motion as one seeking relief from judgment under FED. R. CIV. P. 60(b), a motion that this Court would have jurisdiction to "consider and deny" but not grant. <u>Aune</u> 344 F.2d at 841. Second, in substance, the instant motion differs only slightly from the motions petitioner filed in this matter on February 3, 2020, and February 11, 2020, and appears to be a combination of the two. <u>Compare</u> Dkt. ## 1, 2, <u>with</u> Dkt. # 9. Even generously construed, the instant motion does not seek relief on "collateral matters not involved in the appeal." <u>Garcia</u>, 818 F.2d at 721. Third, as a matter of timing, petitioner filed the motion simultaneously with his notice of appeal and beyond the 28-day period to file a motion to alter or amend the judgment under FED. R. CIV. P. 59(e) and on the last day he could have filed a timely notice of appeal. Thus, the instant motion did not toll the time for appeal or otherwise

3

have the effect of "hold[ing] the notice of appeal in abeyance." Jackson, 950 F.2d at 635; see also FED. R. APP. P. 4(a)(4) (identifying motions that toll time for taking appeal in civil case and render notice of appeal ineffective until district court disposes of them).  For these reasons, the Court finds that petitioner's notice of appeal divested this Court of jurisdiction and that petitioner's motion for order vacating judgment (Dkt. # 9) must therefore be dismissed for lack of jurisdiction.

As a final matter, the Court notes that petitioner initially submitted his motion for order vacating judgment (Dkt. # 9) to the Tenth Circuit, along with his misdirected notice of appeal.  See supra n.1; Dkt. # 7, at 2.  To the extent petitioner intended that motion to serve as his appellate brief, petitioner is advised that he should refile the motion in the Tenth Circuit.

## III.    Motion to proceed in forma pauperis (Dkt. # 8)

Petitioner moves to proceed on appeal without prepayment of the $505 appellate docketing and filing fees.  Dkt. # 8.  "In order to succeed on his motion, [petitioner] must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).  Based on the representations in petitioner's motion to proceed in forma pauperis, the Court finds that petitioner lacks sufficient funds to prepay the requisite fees.  Dkt. # 8, at 1-3.  But the Court finds nothing in petitioner's motion to proceed on appeal in forma pauperis or in his motion for order vacating judgment that either identifies the issues he intends to raise on appeal or suggests that he has a "reasoned, nonfrivolous argument" to support any issues he might raise on appeal.  DeBardeleben, 937 F.2d at 505.  The Court thus finds that petitioner's motion to proceed on appeal in forma pauperis shall be denied.  Petitioner may file a motion to proceed on

4

appeal <u>in forma pauperis</u> in the Tenth Circuit within 30 days of the date he receives this order.  <u>See</u> Fed. R. App. P. 24(a)(5).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.  Petitioner's "motion for order vacating judgment order or sentence under the common law writ of audita querela/coram nobis/coram vobis or alternative writs under the All Writs Act 28 U.S.C. 1651" (Dkt. # 9), is **dismissed without prejudice** for lack of jurisdiction.

2.  Petitioner's motion to proceed on appeal <u>in forma pauperis</u> (Dkt. # 8) is **denied**.

3.  The Clerk of Court shall send a copy of this order to petitioner and to the United States Court of Appeals for the Tenth Circuit.

**DATED** this 29th day of April, 2020.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE